[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR ALIMONY (104)
The defendant's motion seeks orders of child custody, alimony, child support, maintenance of medical insurance coverage for the defendant and their minor children, responsibility for unreimbursed medical expenses for the minor children, maintenance of current life insurance coverage, sole possession of the marital residence and an allowance to prosecute. The parties reached an agreement concerning child custody including visitation, child support of $219 weekly, and sole possession of the marital residence and their agreement was accepted and made orders of the court. The plaintiff also agreed to an immediate wage withholding order for the child support. The automatic orders cover maintenance of medical insurance and life insurance. Neither the parties' agreement nor the hearing evidence address the issue of unreimbursed medical expenses incurred for the minor children. The plaintiff seeks a reduction in the life insurance coverage presently in existence. The court denies his request.
The plaintiff moved from the marital home on March 1, 2000. He voluntarily paid $400 weekly to the defendant for the support of two children and herself He is employed by a swimming pool company on a permanent status although he is on furlough from December 1 until the following March 1 but he is paid on every week throughout the year, currently receiving a gross of $850 and $668.94 after deduction for CT Page 13876 taxes. During the winter hiatus he has steady employment with a florist from which he derives $300 to $350 weekly gross. There was no evidence concerning any deductions from the gross. The court finds that his present earning capacity for the next three months is about $900 weekly. After payment of the child support, $59.50 life insurance premium and $62 medical insurance premium there remains $559.50 disposable income available to the plaintiff The defendant lists $250 net disposable income from her employment to which maybe added $219 child support for a total of $469. The court notes the plaintiff lists miscellaneous house expense of $30 and personal expense miscellaneous of $115 without further explanation. Based on these current circumstances the court finds it is appropriate for the plaintiff to pay to the defendant temporary weekly alimony of $181 taxable to the defendant and deductible by the plaintiff until further court order or the sooner death of either party. An immediate wage withholding order is entered to secure the alimony. The first payment of child support and alimony is due and payable on Friday. November 17, 2000 and the plaintiff shall make direct payments to the defendant until the wage withholding becomes effective.
So Ordered.
HARRIGAN, J.